# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0011 |
| ) | |
| **CHARLIE MANUEL CASTILLO BORG,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the motion of Charlie Manuel Castillo Borg ("Borg") to conduct his sentencing in this matter by video conferencing.

On February 27, 2020, the United States filed a three count indictment, charging Borg with offenses stemming from the possession of a firearm and ammunition by an undocumented alien. On September 17, 2020, Borg pleaded guilty to Count 1 of the Indictment, charging the possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(5). Sentencing was scheduled for January 21, 2021. On January 14, 2021, Borg filed a motion to conduct sentencing by video teleconferencing technology. (ECF No. 39.)

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent

of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2),

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. On July 8, 2020, October 6, 2020, and January 4, 2021, the Chief Judge of the District Court of the Virgin Islands entered an order extending the initial CARES Act Order for another 90-day period unless terminated earlier. The current order extends the authorization until April 4, 2021.

The "court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Without an end, or even an abatement, in sight to the ongoing COVID-19 pandemic, the indefinite delay of sentencing hearings "would only add to the enormous backlog of criminal and civil matters facing this Court, and every judge in this District, when normal operations resume." *E.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020).

The continued delays to in-person proceedings, and their resultant backlog of cases, undermine the Court's ability to efficiently manage its docket. This inefficiency consequently weighs heavily against the public's interest in judicial economy. *See In re Modafinil Antitrust Litigation*, 837 F.3d 238, 268 (3d Cir. 2016) ("'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system… .'") (Rendell, J., concurring in part). Thus, Rule 32(b)(1)'s requirement that a sentence be imposed without unnecessary delay intertwines considerations of judicial economy with the interest of justice, particularly in the abnormal context of the COVID-19 pandemic. *Cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("public interests… derive from 'the interest of justice.'… We regard these public interests to include judicial economy considerations.") (internal citations omitted).

Here, the interests of justice necessarily cannot be served by unduly delaying a defendant's sentencing once he has been convicted. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n. 8 (1987) ("The interests of judicial economy and the avoidance of delay, rather than being hindered, would be best served by resolving the issue."). Where a defendant has, as Borg has in this case, consented to sentencing by video teleconferencing through his attorney (*see generally* ECF No. 39), such an indefinite delay causes continued serious harm to the public's interest in judicial economy, and by extension, the interests of justice. *Cf. Howmedica*, 867 F.3d at 402.

Exacerbating the harms caused by the potential delay of his sentencing, Borg notes that he faces a guideline range of twelve to eighteen months incarceration, and has been incarcerated since December 30, 2019, for a total of thirteen months. (ECF No. 39, at 4). Considering that Borg may have already spent more time incarcerated than he would be sentenced to, the further delay of Borg's sentencing would undoubtedly run contrary to the interests of justice. These considerations lead the Court to conclude that sentencing Borg by video teleconferencing technology best serves the interests of justice in this matter.

The premises considered, it is hereby

**ORDERED** that Borg's motion (ECF No. 39) is **GRANTED**; it is further

*United States v. Borg.*
Case No. 3:20-cr-0011
Order
Page **4** of **4**

  **ORDERED** that Borg shall be permitted to attend his January 21, 2021, sentencing by video teleconferencing; and it is further

  **ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** January 15, 2021              */s/ Robert A. Molloy*
                                        **ROBERT A. MOLLOY**
                                          **District Judge**